UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM MICHAEL GLASSMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-1160-DRL-MGG |
| MATTHEW HASSELL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Adam Michael Glassman, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint. Mr. Glassman alleges that, since his arrival at the Marshall County Jail in June 2019, Sheriff Hassel and Sergeant Holcomb have subjected him to overcrowded conditions, which causes him to be unable to leave his bed safely and forces him to sleep near a toilet. They have also forced him to eat on a toilet or the floor instead of at a table and limit his access to hot water. Further, he has been unable to receive adequate medical treatment for his conditions of post-traumatic stress disorder, depression, and anxiety from Dr. Tchapchet and Nurse Loftus. These conditions caused Mr. Glassman to be assaulted by an inmate and subjected to disciplinary action. On September

26, Sergeant Holcomb threw away Mr. Glassman's broken glasses instead of allowing him to keep them to repair. On October 9, 2019, Mr. Glassman discovered that Officer Horton had misplaced some of his property, which he had purchased from the commissary.

Because Mr. Glassman is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Given Mr. Glassman the inferences to which he is entitled at this stage, the complaint states plausible Fourteenth Amendment claims against Sheriff Hassell, Sergeant Holcomb, Dr. Tchapchet, Nurse Loftus, and Officer Horton.

For these reasons, the court:

(1) GRANTS Adam Michael Glassman leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Sergeant Holcomb for money damages for subjecting him to overcrowded conditions since June 2019;

(2) GRANTS Adam Michael Glassman leave to proceed on a Fourteenth Amendment claim against Dr. Tchapchet and Nurse Loftus for money damages for providing inadequate medical treatment for his mental conditions since June 2019;

(3) GRANTS Adam Michael Glassman leave to proceed on a Fourteenth Amendment claim against Sergeant Holcomb for money damages for throwing away his glasses on September 26, 2019;

(4) GRANTS Adam Michael Glassman leave to proceed on a Fourteenth Amendment claim against Officer Horton for money damages for misplacing his commissary purchases on or around October 9, 2019;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassell, Sergeant Holcomb, Dr. Tchapchet, Nurse Loftus, and Officer Horton at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassell, Sergeant Holcomb, Dr. Tchapchet, Nurse Loftus, and Officer Horton to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Adam Michael Glassman has been granted leave to proceed in this screening order.

SO ORDERED.

February 3, 2020  *s/ Damon R. Leichty*
Judge, United States District Court